UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN JAMES MASSENGILL,

    Defendant.

Case No. 01-80550

Hon. John Corbett O'Meara

_____/

## ORDER DENYING MOTION FOR HEARING
## TO CHANGE CONDITIONS OF SUPERVISION

Before the court is Defendant's motion for hearing to change conditions of supervision and for "declaratory compensation," filed April 25, 2007. The government filed a response on May 18, 2007. Defendant submitted a reply brief on June 14, 2007.

Defendant was charged with armed bank robbery and found not guilty by reason of insanity. Defendant was hospitalized and has been conditionally released pursuant to 18 U.S.C. § 4243(f). Defendant challenges some of the conditions of his supervision, contending that the court has exceeded its authority by imposing "criminal sanctions" against him, such as travel restrictions, standard conditions of probation, monthly reporting to a probation officer, and drug screening. Defendant argues that section 4243(f), which allows for a "prescribed regimen of medical, psychiatric or psychological care or treatment," does not permit the court to impose such conditions.

To the contrary, however, nothing in section 4243(f) precludes the court from imposing additional conditions that are related to the defendant's mental illness and are reasonably necessary to protect the public safety. See, e.g., United States v. Jain, 174 F.3d 892, 897-98 (7th

Cir. 1999) (rejecting argument that statute only allows conditions that are directly related to the treatment of mental illness); United States v. Phelps, 283 F.3d 1176, 1185-87 (9th Cir. 2002) ("It is a reasonable interpretation of the statute, and makes common sense, that if a district court can deny the release entirely, then the district court can also authorize other conditions to assure the safety of the general public and grant the release."); United States v. Franklin, F.3d 885, 889 (8th Cir. 2006) (court is authorized to impose conditions that are ancillary to the prescribed regimen, including the "standard conditions" of the district). This court has the authority to prescribe and enforce the type of conditions that it has imposed in this case. See id. Accordingly, Defendant's motion is without merit.

IT IS HEREBY ORDERED that Defendant's April 25, 2007 Expedited Motion for Hearing to Change Conditions of Supervision and Declaratory Compensation is DENIED.

       s/John Corbett O'Meara
       United States District Judge

Dated: July 2, 2007

I hereby certify that a copy of the foregoing document was served upon Ryan Massengill and Diane Marion on this date, July 2, 2007, by electronic and/or ordinary mail.

       s/William Barkholz
       Case Manager